# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

BARRETT J. CARROLL,           )
                                 )
               Petitioner,      )
                                 )
     v.                        )    No. 5:16-CV-06073-DGK
                                 )    (Crim. No. 5:12-CR-06015-DGK-1)
UNITED STATES OF AMERICA,    )
                                 )
              Respondent.   )

## ORDER DENYING MOTION TO CORRECT SENTENCE

Petitioner Barrett J. Carroll ("Carroll") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 92 months' imprisonment.

Now before the Court are Carroll's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255, Motion to Stay and Hold Case in Abeyance (Doc. 4), and Motion to Dismiss Case Without Prejudice (Doc. 15). Because the Supreme Court recently rejected Carroll's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion and motion to dismiss without prejudice are DENIED. Carroll's motion to stay is DENIED AS MOOT.

## Background[1]

On June 6, 2013, Carroll pled guilty to one count of being a felon in possession of a firearm, pursuant to a written plea agreement. Plea Agrmnt. (Doc. 24). In this agreement, Carroll waived his right to attack his sentence, directly or collaterally, on any ground except

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Carroll's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Carroll to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* ¶ 15. The agreement defines an "illegal sentence" as one "imposed in excess of the statutory maximum," and states the term specifically "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* (emphasis in original). Carroll does not challenge the validity of his plea agreement and this waiver.

On December 18, 2013, the Court sentenced Carroll to 92 months' imprisonment after carefully considering the relevant factors and reviewing the United States Sentencing Guidelines (the "Guidelines"). In calculating Carroll's Guidelines range, the Court found he was eligible for an enhanced base offense level because he had a prior conviction that qualified as a "crime of violence" under Guidelines § 4B1.2. Specifically, the Court adopted the Presentence Investigation Report ("PSR") finding that Carroll's prior Missouri conviction for first-degree burglary qualified him for an enhancement under Guidelines § 2K2.1(a). *See* PSR ¶¶ 14, 29 (Crim. Doc. 29). The Guidelines calculation yielded an advisory imprisonment range of 120 to 150 months. But, because the statutory maximum term of imprisonment for Carroll's offense is 10 years, the Guideline suggestion was reduced to 120 months. *Id.* ¶ 65. The Court sentenced Carroll to 92 months' imprisonment, 28 months below the Guidelines recommendation and the statutory maximum. J. & Commitment (Crim. Doc. 35). Carroll did not file a direct appeal, and the judgment became final on January 2, 2014. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . .").

Carroll filed the instant motion on June 16, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*. That decision was handed down on March 6, 2017.

## Discussion

### I. The Court will not dismiss Carroll's § 2255 motion without prejudice, and will consider the motion on its merits.

The Court first addresses Carroll's motion to dismiss his § 2255 motion without prejudice so he may file another motion pursuant to § 2255 without that motion being considered a second or successive petition requiring the permission of the Eighth Circuit to proceed (Doc. 13). The Government opposes this motion, arguing the Court "should not allow a state or federal prisoner to voluntarily dismiss a post-conviction motion to avoid application of an impending or recently issued adverse decision." Gov't Supp. Response at 2-3 (Doc. 12). Even if dismissing this motion without prejudice could allow Carroll to file another § 2255 motion without permission from the Eighth Circuit, *cf. Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) ("[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."); *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) ("[I]f a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive . . . ."), the Court will not acquiesce in this sort of gamesmanship. Carroll's motion to dismiss without prejudice is denied, and the Court will consider his § 2255 motion on its merits.

### II. Carroll's enhanced base level sentence did not deprive him of due process of law.

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a

direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Carroll argues his prior conviction for first-degree burglary no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Carroll contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. Carroll was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. Instead, they merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Here, Carroll was sentenced to a below-Guidelines term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Because Carroll's claim is based on the same vagueness challenge the Supreme Court rejected in *Beckles*, it is denied.[2]

### Conclusion

For these reasons, Carroll's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) and Motion to Dismiss Case Without Prejudice (Doc. 15) are DENIED, and the Court declines to

---

[2] Indeed, Carroll admitted that "[i]f *Beckles* holds that *Johnson* is not retroactively applicable to guidelines cases on collateral review, [his] case would necessarily be terminated." Pet.'s Mot. to Stay at 2 (Doc. 4). Here, there is nothing to be applied retroactively because the Supreme Court held that the Guidelines are not subject to a void-for-vagueness challenge. *Beckles*, 137 S. Ct. 886.

issue a certificate of appealability.  His Motion to Stay and Hold Case in Abeyance (Doc. 4) is

DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  May 22, 2017                                   /s/ Greg Kays
                                                               GREG KAYS, CHIEF JUDGE
                                                               UNITED STATES DISTRICT COURT